[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff fell in a driveway on property owned by the defendants, Lora Ayers and the Estate of Fred Ayers. At the time of the plaintiff's fall, the defendants were living in Florida. The premises were occupied by a tenant, Shirley Baker. The defendants claim they had relinquished possession and control of the property to Baker several years before the plaintiff's accident. The plaintiff sued Lora Ayers and the Estate of Fred Ayers for damages resulting from her fall.
The defendants have moved for summary judgment claiming they did not possess or control the property at the time of the plaintiff's fall. They submitted various documents to support their claim including the affidavit of Lora Ayers. The courts finds that although Lora Ayers was the owner of the property, she was not in control or possession at the time of the fall. Her affidavit states that she has been in Florida for a number of years. In accordance with an oral agreement with Shirley Baker, she turned over control and possession of the premises to her several years before the plaintiff fell. CT Page 13125
The plaintiff did not file a counter affidavit. She claims that she saw the defendant, Lora Ayers, on the property at some time but does not know when in her deposition (p. 51). She acknowledges that Lora Ayers was not living on the premises on July 29, 1996, the date she fell. The plaintiff also argues that the defendant had a home owner's policy which insured the premises for fire, liability and medical payments. The plaintiff claims the existence of the policy raises a question of fact as to the issue of possession and control.
The court finds that the claim that the plaintiff saw the defendant on the premises at some time does not raise a genuine issue of material fact as to the possession and control. The court also finds that procuring a homeowner policy which, in addition to fire coverage also covers losses due to liability, does not create an issue of fact as to possession and control.
Since the court finds that Lora Ayers had given possession and control to Shirley Baker long before the time the plaintiff fell, she cannot be liable for any damages. Summary judgment must enter for the defendants on all counts brought by the plaintiff because there exists no genuine issues of material fact.
The defendants are entitled to judgment as a matter of law. The court also finds that the claim against the Estate of Fred Ayers must be dismissed because the estate lacks the power to be sued. The estate is not a legal entity; it has no legal existence to be sued. Summary judgment dismissing the claim against the estate for lack of jurisdiction is hereby granted.
D. Michael Hurley Judge Trial Referee